IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: <br> SS BODY ARMOR I, INC., et al., <br><br> Debtors. | ) <br> ) Bank. No. 10-11255 (CSS) <br> ) <br> ) |

| | |
|---|---|
| D. DAVID COHEN, <br><br> Appellant, <br><br> v. <br><br> SS BODY ARMOR I, INC., <br><br> Appellee. | ) <br> ) <br> ) <br> ) <br> ) Civ. No. 15-633-SLR <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM ORDER**

At Wilmington this 30th day of March, 2016, having reviewed appellant's motion to stay pending resolution of appeal before the Second Circuit Court of Appeals; and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 16) is denied for the reasons that follow:

1. **Background.** The above referenced bankruptcy case has a long and convoluted history that includes criminal proceedings against the debtor's[1] former CEO and CFO, SEC litigation against the former CEO, class and derivative actions against

---

[1] Post-confirmation debtor SS Body Armor I, Inc. f/k/a Point Blank Solutions, Inc. f/k/a DHB Industries, Inc.

the debtor and certain of its officers and directors,[2] and litigation with appellant Cohen, the former general counsel for debtor. On November 30, 2006, the parties to the New York Actions entered into a settlement. On June 25, 2008, the Eastern District issued orders approving the settlement, which orders included the provisional payment of attorney fees to counsel. The Eastern District denied Cohen's request for attorney fees, which he appealed to the Second Circuit.

2. On April 14, 2010, the debtor filed in Delaware for bankruptcy protection under chapter 11 of the bankruptcy code, and thereafter moved to reject the settlement reached in the New York Actions, which motion was granted. On September 30, 2010, the Second Circuit reversed the approval order in the New York derivative action. With respect to Cohen's request for fees and his objection to the approved fees of counsel in the derivative action, the Second Circuit observed: "Nor do we reach the issues pertaining to attorneys' fees. The district court will need to reexamine those issues in any event, either in the context of a revised settlement or the outcome of further litigation." *Cohen v. Viray,* 622 F.3d 188, 196 (2d Cir. 2010).

3. On July 9, 2015, the bankruptcy court entered an order approving a settlement agreement ("the Agreement") between the debtor, the plaintiffs in the New York class action, and counsel in the New York Actions. The Agreement provided for a release of $37 million of escrowed funds to the plaintiffs in the New York class action, $20 million of which was to be loaned to the debtor to fund the chapter 11 plan co-sponsored by the debtor and the official committee of unsecured creditors, and an

---

[2]The class and derivative actions ("the New York Actions") were all filed in the United States District Court for the Eastern District of New York ("the Eastern District").

2

allocation between the debtor and the class action plaintiffs of certain litigation recoveries. (Bank. D.I. 3109) The order also provides that the bankruptcy court "will consider any request for allowance or reimbursement of counsel fees by D. David Cohen or any attorneys for D. David Cohen," as well as "any objection to the allowance of fees for Derivative Counsel filed by D. David Cohen." (Bank. D.I. 3109 at 2)

4. Meanwhile, plaintiffs in the New York class action filed a motion to approve the Agreement and the debtor filed a motion to dismiss the New York derivative action. The Eastern District granted the motions, thus leaving the fee issues to the bankruptcy court. Cohen appealed the order to the Second Circuit.

5. The effective date with respect to certain aspects of the Agreement, including the funding of the loan to the debtor, occurred on November 10, 2015, the date that the bankruptcy court entered its order confirming the plan of reorganization ("the Plan"). In accordance with the terms of the Agreement, the loan was disbursed to the debtor on November 19, 2015. The effective date of the Plan occurred on November 23, 2015, and the debtor is in the process of distributing the loan proceeds to administrative and priority claimants pursuant to the Plan. Among the proofs of claim filed are those submitted by Cohen and his counsel, seeking immediate payment of $1,860,000 in fees and expenses.[3] On December 3, 2015, the bankruptcy court entered its order granting in part and denying in part Cohen's fee claim.

6. There currently are nine appeals pending in this court in connection with the

---

[3]Cohen's fee claim was based on a common fund theory, that is, that Cohen's successful objection to the indemnification of the former CEO had preserved the benefit to the bankruptcy estate of $186 million.

3

debtor's chapter 11 case. Two of these appeals are Cohen's appeals relating to the Agreement and his fee claim. Given the complexity and interrelatedness of the proceedings, a consolidated briefing schedule will be issued.

7. **Analysis.** In moving to stay resolution of his appeal in this case, Cohen cites to the court's inherent authority over its docket, arguing that "staying this appeal will promote judicial economy and conserve the resources of the parties and the Court." (D.I. 11 at 5-6) The court recognizes that Cohen has filed numerous appeals in the Delaware and New York courts, and that his appeals include overlapping issues as he has characterized them. Looking at the record, however, it is the court's conclusion that a stay is not warranted. In the first instance, the Second Circuit did not mandate that the Eastern District rule on Cohen's fee petition; it simply sent the dispute back to the Eastern District for further litigation. The nature of the litigation before the Eastern District changed with the filing of the bankruptcy case by the debtor, as the bankruptcy court assumed exclusive jurisdiction over any claims being prosecuted by the debtor. It, therefore, is unlikely that the issues before the court will be determined on the merits by the Second Circuit. Even so, it is the Third Circuit that is the "ultimate arbiter" of the bankruptcy court's jurisdiction and it is appropriate for the bankruptcy proceedings to move forward to resolution before that forum.

8. **Conclusion.** For the reasons stated above, the motion to stay is denied.

_____
United States District Judge

4